**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**


ORVIL D. LOFTIS,
ADC #103901                                                                          PLAINTIFF

V.                                      5:16CV00076 KGB/JTR

JEREMY EDWARDS,
Correctional Officer,
Delta Regional Unit, ADC, et al.                                          DEFENDANTS


**RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent

to United States District Judge Kristine G. Baker. You may file written objections to

all or part of this Recommendation.  If you do so, those objections must: (1)

specifically explain the factual and/or legal basis for your objection; and (2) be

received by the Clerk of this Court within fourteen (14) days of the entry of this

Recommendation. The failure to timely file objections may result in waiver of the

right to appeal questions of fact.

## I.  Introduction

Plaintiff, Orvil D. Loftis, is a prisoner in the Ouachita River Unit of the

Arkansas Department of Correction ("ADC'). He has filed this *pro se* action alleging

that, while he was in the Delta Regional Unit, Defendants violated his constitutional rights and committed the pendent state tort of negligence. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that Plaintiff's: (1) constitutional claims be dismissed, without prejudice, for failing to state a claim upon which relief may be granted; and (2) pendent negligence claim be dismissed, with prejudice, because Defendants are entitled to statutory immunity.[1]

## II. Discussion

Plaintiff contends that, on April 12, 2013, Defendant Sergeant Ballard ordered Defendant Correctional Officer Edward to escort him to the showers. Pursuant to that order, Defendant Edward allegedly handcuffed Plaintiff behind his back, removed him from his cell, and escorted him to the showers.[2] At the top of a flight of stairs, Plaintiff claims that he "became a little dizzy," "tripped up on slippery concrete," and fell down the stairs causing unspecified injuries to his head, shoulder, elbow, and knee. *Doc. 2 at 25.*

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

[2] Plaintiff does *not* allege that his legs were shackled.

**A.     § 1983 Failure to Protect Claim**

Plaintiff believes that his April 12, 2013 fall would not have occurred if Defendants Ballard and Edwards had complied with an internal ADC rule that allegedly requires handcuffed inmates to be escorted by "two security officers with hands on either side of the inmate." *Doc. 2 at 6.* It is well settled law, however, that the violation of an internal prison rule does not rise to the level of a constitutional violation. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997).

Instead, to plead a viable failure to protect claim under the Eighth Amendment, an inmate must allege facts suggesting that: (1) objectively, there was a substantial risk of serious harm; and (2) subjectively, the defendants knew of and disregarded that substantial risk of serious harm. *Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011); *Young v. Selk*, 508 F.3d 868, 872 (8th Cir. 2007). As to the second element, the Eighth Circuit has emphasized that a prison official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Schoelch v. Mitchell,* 625 F.3d 1041, 1046 (8th Cir. 2010).

Here, Plaintiff has not pled *any facts* suggesting that Defendant Ballard or Edwards knew that he might become dizzy; the concrete at the top of the stairs was

slippery; or that there was otherwise a substantial risk that he might fall down the stairs. *See Farmer v. Brennan*, 511 U.S. 825, 838 (1994) (holding that "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as" a constitutional violation); *Lenz v. Wade*, 490 F.3d 991, 996 (8th Cir. 2007) (same).  Instead, the facts as pled by Plaintiff suggest that, *at most*, Defendants Ballard and Edwards may have acted negligently, which is not actionable under § 1983.  *Holden,* 663 F.3d at 341 (holding that negligence and gross negligence do not rise to the level of a constitutional violation); *Walker v. Reed*, 104 F.3d 156, 157 (8th Cir. 1997) (dismissing a prisoner's slip and fall claim that was based on negligence, and not a constitutional violation). Thus, the Court concludes that Plaintiff has not pled a viable failure to protect claim against Defendants Edward and Ballard.[3]

Plaintiff also contends that Defendants Lieutenant Phillips, Deputy Warden Gibson, Warden Banks, and ADC Director Hobbs are vicariously liable for his fall. Because there is no vicarious liability in § 1983 actions, Defendants can only be held liable if they personally participated in the constitutional violation. *See Ashcroft v.*

---

[3] Plaintiff claims that his allegations are similar to those raised in *Brown v. Missouri Department of Correction*, 353 F.3d 1038 (8th Cir. 2004).  The Court disagrees.  In *Brown*, the Court held that a prisoner, who was injured in a car accident, pled a viable failure to protect claim because he alleged that the defendant correctional officers *actually knew of but denied his repeated requests to wear a seat belt*. Here, Plaintiff does *not* allege that he requested to be escorted by two officers or that he requested assistance in descending the stairs.

*Iqbal*, 556 U.S. 662, 676 (2009).  Plaintiff has not pled any such facts.  To the contrary, he asserts that Defendants Ballard and Edwards acted in violation of the ADC policies promulgated and enforced by Defendants Phillips, Gibson, Banks, and Hobbs.  *See Johnson v. Blaukat,* 453 F.3d 1108, 1114 (8th Cir. 2006) (finding no § 1983 liability when subordinates failed to comply with their supervisor's policies).  Thus, Plaintiff has failed to plead a viable failure to protect claim.

**B.     § 1983 Inadequate Medical Care Claim**

Liberally construing Plaintiff's allegations, he appears to be claiming that Defendant Ballard failed to provide him with constitutionally adequate medical care for his April 12, 2013 injuries.

To plead a viable inadequate medical care under the Eighth Amendment, a prisoner must allege facts suggesting that:  (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious needs. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010). As to the second prong, the Eighth Circuit has explained that deliberate indifference, which is more than gross negligence, "requires proof of a reckless disregard of the known risk." *Moore v. Duffy*, 255 F.3d 543, 545 (8th Cir. 2001).  In other words, "there must be actual knowledge of the risk of harm, followed by deliberate inaction amounting to callousness." *Bryan v. Endell*, 141 F.3d

1290, 1291 (8th Cir. 1998).

Plaintiff alleges that, immediately after his fall, Defendant Ballard violated ADC policy by removing his handcuffs, rolling him onto his back, and sitting him up against the wall until the medical staff arrived. As previously explained, even if Defendant Ballard's alleged actions violated an ADC policy, they do not, as a matter of law, rise to the level of a constitutional violation.  Furthermore, Plaintiff does *not* allege that his injuries were worsened or that he was otherwise harmed by Defendant Ballard's actions.

Finally, Plaintiff admits that, immediately after his fall, he was taken to the infirmary where prison nurses, *who are not Defendants in this action*, treated his injuries.  Plaintiff complains that it took five days for him to be examined by a prison doctor.  However, he has not explained how he was harmed by the delay or how any of the Defendants was personally involved in that alleged delay. Thus, Plaintiff has failed to plead a viable inadequate medical care claim.

## B.     § 1983 Liberty and Equal Protection Claims

Plaintiff makes the vague and conclusory allegation that Defendants violated his "liberty" and "equal protection" rights under the Fourteenth Amendment. *Doc. 2 at 14-15.* Such vague, conclusory, and factually unsupported allegations are insufficient to plead a viable § 1983 claim. *See Iqbal*, 556 U.S. 676-678.

Furthermore, as previously explained, a prisoner does not have a liberty or due process right to enforce internal prison rules and nothing in the Complaint suggests that his equal protection rights were violated. *See Phillips,* 320 at 847 (explaining that inmates do not have a due process right to enforce prison rules); *Nolan v. Thompson,* 521 F.3d 983, 989-90 (8th Cir. 2008) (providing that, to plead a viable equal protection claim, an inmate must allege that he was intentionally treated differently than similarly situated prisoners). Thus, Plaintiff has failed to plead a viable Fourteenth Amendment claim.

## C.    Pendent Negligence Claim

Finally, Plaintiff explains that he is also bringing a pendent negligence claim against each Defendant. While Plaintiff's allegations could arguably support a negligence claim, Arkansas Code Ann § 19-10-305(a) provides that:

> Officers and employees of the State of Arkansas are immune from liability and from suit, except *to the extent that they may be covered by liability insurance*, for damages for acts or omissions, other *than malicious acts* or omissions, occurring *within the course and scope* of their employment.

(Emphasis added).

All of the Defendants are state employees and there is no allegation that the

ADC carries liability insurance for their negligent acts.[4] Similarly, nothing in the Complaint suggests that any of the Defendants acted maliciously. *See Ark. Dept. of Envtl. Quality v. Al–Madhoun*, 285 S.W.3d. 654, 660 (Ark.2008) (defining malice as "an intent and disposition to do a wrongful act greatly injurious to another" or "an intent to inflict injury or under circumstances that the law will imply an evil intent.") Thus, Defendants are entitled to statutory immunity from Plaintiff's pendent negligence claim. *See Langford*, 614 F.3d at 465 (finding that ADC prison officials were entitled to statutory immunity, under Ark. Code Ann. § 19–10–305(a), from a prisoner's negligence claim); *Brady v. Hobbs*, Case No. 5:14CV103, 2015 WL 4718728 (E.D. Ark. May 20, 2015) (unpublished opinion) (same).

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's § 1983 claims be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2.      Plaintiff's pendent negligence claim be DISMISSED, WITH PREJUDICE, because Defendants are entitled to statutory immunity.

3.      Dismissal constitute a "strike," pursuant to 28 U.S.C. § 1915(g).

---

[4] The Court takes judicial notice of the fact that the ADC does not carry liability insurance covering the negligent acts of prison employees. *See Langford*, 614 F.3d at 465.

4.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 7th day of April, 2016.


_____
UNITED STATES MAGISTRATE JUDGE